# United States Court of Appeals for the Fifth Circuit

---

No. 22-10620
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
August 14, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Anthony Lennell Acy,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-70-1

---

Before Higginbotham, Stewart, and Southwick, *Circuit Judges*.

Per Curiam:[*]

Anthony Lennell Acy appeals his conviction of one count of sex trafficking of a child (count one) and one count of sex trafficking by force, fraud, or coercion (count two), as well as the resulting concurrent terms of 365 months of imprisonment. He argues that the district court erred by admitting evidence of his relationship with Adult Victim One (AV1) from

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10620

January 2020 until his arrest on March 18, 2020, and evidence relating to his March 18, 2020, arrest as intrinsic evidence. He argues that such evidence is extrinsic evidence, and thus only admissible to prove "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident" under Federal Rule of Evidence 404(b). In light of Acy's arguments on appeal, he necessarily complains of trial testimony by multiple witnesses and multiple exhibits presented at trial.

Where the issue is preserved, we review "a trial court's decision to admit evidence for abuse of discretion." *United States v. Lugo-Lopez*, 833 F.3d 453, 460 (5th Cir. 2016) (internal quotation marks and citation omitted). Any abuse of discretion is subject to a harmless error analysis. *United States v. Hawley*, 516 F.3d 264, 268 (5th Cir. 2008). Acy preserved at trial his objection to certain testimony and exhibits. We need not "parse the record statement by statement because [Acy's] argument fails under the abuse of discretion standard." *United States v. Moparty*, 11 F.4th 280, 295 (5th Cir. 2021).

A majority of the evidence to which Acy objects is evidence of the offense charged in count two of the superseding indictment. It is not evidence concerning any other crime, wrong, or act. *See Gurrola*, 898 F.3d at 536-37; *United States v. Freeman*, 434 F.3d 369, 374 (5th Cir. 2005). Such evidence includes, inter alia, AV1's testimony about how she met Acy and the beginning of their relationship, Acy's demand that she pay him his money back in commercial sex, her inability to leave, the violence and threats she experienced from Acy, how Acy would find commercial sex customers for AV1 and keep all of the proceeds, AV1's first attempt to leave, her belief that Acy carried a firearm, the events leading up to and including the Austin trip, her request that her mother arrange her rescue from Austin, and her testimony that she was scared for her life. Likewise, it includes law enforcement testimony regarding the recovery operation of AV1 in Austin on

No. 22-10620

March 18, 2020, many of the items found in Acy's vehicle upon his March 18, 2020, arrest, and messages and data found on Acy's phone. Because this evidence was evidence of the crime charged, the district court did not abuse its discretion in admitting it. *See Gurrola*, 898 F.3d at 536-37; *Lugo-Lopez*, 833 F.3d at 460.

To the extent the remaining law enforcement testimony regarding Acy's arrest on March 18, 2020, or messages and data found on Acy's phone, could be considered "[e]vidence of crimes, wrongs, [or] other bad acts," such evidence was intrinsic to the charged offense. *Gurrola*, 898 F.3d at 536. Accordingly, the district court did not abuse its discretion in admitting this evidence as intrinsic. *See id.* at 536-37; *Lugo-Lopez*, 833 F.3d at 460.

To the extent that the full extraction of Acy's phone does contain evidence of other crimes, wrongs, or acts extrinsic to the charged offense and the district court abused its discretion in admitting the full extraction into evidence, "the error is harmless given other substantial evidence of [Acy's] guilt" as to count two of the superseding indictment. *Lugo-Lopez*, 833 F.3d at 461.

Acy did not adequately brief, and has thus waived, his argument that AV1's testimony about his firearm was "speculative hearsay." *See United States v. Stalnaker*, 571 F.3d 428, 439-40 (5th Cir. 2009); *United States v. Miranda*, 248 F.3d 434, 443 (5th Cir. 2001).

The judgment of the district court is AFFIRMED.